UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BUTLER                                             CIVIL ACTION

VERSUS                                                     NO. 22-1088-BAJ-RLB

HAIER US APPLIANCE SOLUTIONS,
INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 7, 2023.

_____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BUTLER                                              CIVIL ACTION

VERSUS                                                      NO. 22-1088-BAJ-RLB

HAIER US APPLIANCE SOLUTIONS,
INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File First Supplemental and Amending Petition for Damages (the "Motion"). (R. Doc. 12). The Motion is opposed by Haier US Appliance Solutions, Inc., d/b/a, Ge Appliances ("GE"). (R. Doc. 13).

**I.    Background**

On November 16, 2022, Michael Butler ("Plaintiff") initiated this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, alleging that his home was damaged after GE's technician Hubert Doe "failed to fully turn off the water valve leading to [his] refrigerator" after a service call. (R. Doc. 1-1). Plaintiff named (i) GE, (ii) Hubert Doe, and (iii) Old Republic Insurance Company ("Old Republic") as defendants ("Defendants"). (R. Doc. 1-1 at ¶ 1). Based on diversity of citizenship, GE removed the lawsuit to this Court on December 28, 2022. (R. Doc. 1). GE argued that, although Hubert Doe was alleged to be a Louisiana resident, his alleged citizenship "must be disregarded" as he was "fraudulently joined[.]" (R. Doc. 1 at ¶ 9). On April 11, 2023, this Court held a scheduling conference addressing not only scheduling matters but also the "potential issue regarding the addition or substitution of [the] non-diverse defendant" due to Hubert Doe. (R. Doc. 11). The deadline to join other parties or to amend the pleadings was set for July 21, 2023. (R. Doc. 11). More than a month after such

2

deadline, Plaintiff seeks to amend his complaint as he recently learned the full name of Hubert Doe. (R. Docs. 12, 12-1).

## II.   Law and Analysis

### A.   Legal Standards

Under Fed. R. Civ. P. 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15. However, "after a scheduling order deadline has expired[,]" Fed. R. Civ. P. 16(b) "governs amendment of pleadings[.]" *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Only upon [a] movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to [a] district court's decision to grant or deny leave." *Id.*

Beyond Federal Rules of Civil Procedure 15 and 16, courts "faced with an amended pleading naming a new nondiverse defendant in a removed case[] should scrutinize that amendment more closely than an ordinary amendment," considering the factors from *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). These factors require a balancing of the parties' competing interests while determining whether the plaintiff: (1) only seeks to defeat federal jurisdiction; (2) was diligent in amending the complaint; and (3 will be significantly injured if the amendment is denied. *Id*. Courts should also consider "any other factors bearing on the equities." *Id; See also Cooper v. Toyota Motor Sales, U.S.A., Inc.,* No. CV 18-1033-SDD-RLB, 2019 WL 13234722, at *1–2 (M.D. La. July 16, 2019).

When analyzing the first factor, courts "look at whether the plaintiff knew or should have known the identity of the party to be joined and the facts underlying the claim against that party

3

when the state court complaint was filed." *Cooper*, 2019 WL 13234722, at *2. For instance, courts have held that "a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Id* (citation omitted).

For the second *Hensgens* factor, "courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between the removal and the amendment." *Cooper,* 2019 WL 13234722, at *3 (citation omitted). Often, "a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [are] scheduled and no significant activity beyond the pleading stage has occurred." *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014) (citation omitted).

"In evaluating th[e third] factor, courts consider whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant." *Cooper,* 2019 WL 13234722, at *4; *See Gallegos*, 2009 WL 4730570 at *5. When "predicting whether a plaintiff has a reasonable basis of recovery under state law[, the] court may conduct a Rule 12(b)(6)-type analysis[.]" *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005). If a plaintiff fails to state a valid claim, a court may find the amendment futile and deny the amendment request. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872–73 (5th Cir. 2000). Here, Plaintiff only stands to recover from Hubert if the amended complaint properly asserts that Hubert is personally liable.

In Louisiana, a plaintiff can only hold an "employee personally liable for his injury when the following four elements are met: [1. T]he employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue. [2. T]he employer must have delegated that duty to the employee at issue. [3. T]he employee at issue must have breached the duty through his

own personal fault. [4. T]he employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee." *Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.,* 34 F.4th 431, 437–38 (5th Cir. 2022).

### B.     Analysis

Although Plaintiff's Motion would usually be governed by Fed. R. Civ. P. 15, Plaintiff subjected himself to Fed. R. Civ. P. 16 by failing to timely file his Motion. (R. Docs. 11, 12). Only if there is "good cause [may this Court] modify the scheduling order [under] Rule 15(a)[.]" *S & W*, 315 F.3d at 536. In determining "good cause," this Court considers: (1) the explanation for the untimeliness; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

Regarding the first factor, Plaintiff claims he filed late because GE failed to give him Hubert's full name until after the amendment deadline. (R. Doc. 12-1). Plaintiff asked GE for Hubert Doe's full name on April 25, 2023. (R. Docs. 13, 13-1). The next day, GE explained that to locate a full name it would need the phone number from which Plaintiff called to schedule the refrigerator service. (R. Docs. 13, 13-1). Plaintiff gave GE this number on July 18, 2023, three days before the amendment deadline. (R. Docs. 12-1, 13, 13-1). On August 4, 2023, GE gave Hubert Doe's full name. (R. Docs. 13, 13-1). The subject Motion was filed on August 23, 2023, replacing Hubert Doe as Hubert Carpenter ("Hubert") (R. Doc. 12).

Defendants blame Plaintiff for waiting until July 18, 2023—three days before the deadline—to provide GE with the information it needed to find Hubert's full name. (R. Docs. 13, 13-1). While GE is correct that Plaintiff was slow to act, Defendants contributed to the delay by

5

waiting until after the deadline to provide Hubert's full name. (R. Docs. 13, 13-1).[1] The record is not developed enough for the Court to conclude that GE was diligent yet still unable to locate Hubert's full name with the information provided in the petition. The Court finds this factor neutral.

As for the second factor, Plaintiff argues amendment is necessary since Hubert "is the alleged wrongdoer and as such an indispensable party to this case." (R. Doc. 12-1). The undersigned agrees that Plaintiff has alleged enough facts to claim Hubert is personally liable. While Hubert's absence would not prevent Plaintiff from obtaining relief from Hubert's vicariously liable employer, Hubert is a valid defendant that has been present in Plaintiff's complaint from the start. Fed. R. Civ. P. 19(a)(1); *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.,* No. CIV.A.03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003). The second factor supports amendment.

As for the third and fourth factors, little prejudice will result from allowing Hubert Doe's name to be corrected. GE's position in the case will not change as it may still by vicariously liable for its employee's actions. While some delay may occur as this case returns to state court, any prejudice can be addressed in that court when new deadlines are set. Good cause supports plaintiff's amendment. Accordingly, this Court will consider Plaintiff's Motion, despite its untimeliness, using the *Hensgens* factors.

*(1) Whether the amendment's purpose is to defeat federal jurisdiction:* "[A] plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to

---

[1] In addition, GE is partially responsible for the entirety of the delay. It appears that GE has their records organized in such a way that they cannot determine the service personnel despite being given the customer name, date of service, address of service, and repairman's first name.

6

destroy diversity jurisdiction." *Cooper,* 2019 WL 13234722, at *2 (citation omitted). Plaintiff included Hubert Doe from the start, claiming he was the cause of Plaintiff's damages. (R. Doc. 1-1). Clearly, the proposed amendment is not being made for the sole purpose of destroying diversity, but to maintain a cause of action against a defendant whose full name has been learned.

*(2) Whether the plaintiff was diligent in amending the complaint:* Although Plaintiff learned what information GE needed to locate Hubert's full name on April 26, 2023, it was not until three days before the amendment deadline that Plaintiff provided GE with the information. (R. Docs. 13, 13-1). And even after GE provided Plaintiff with Hubert's full name, Plaintiff did not immediately file his Motion. (R. Docs. 12, 13, 13-1). Yet, Plaintiff named Hubert Doe in his original complaint (R. Doc. 1-1) and it was clear from the start of this case that Plaintiff intended to amend. As set forth above, the Court is not satisfied that some of the delay is not attributable to GE and their purported inability to use internal information to locate Hubert's full name.[2] Thus, this factor weighs neither in favor nor against amendment.

*(3) Whether the plaintiff will be significantly injured if amendment is denied:* "In evaluating th[e third] factor, courts consider whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant." *Cooper*, 2019 WL 13234722, at *4. Defendants rightly point out that GE "would be vicariously liable for [Hubert's] actions[.]" *Ellsworth,* 2003 WL 21783304, at *3. But employers in these situations are solidarily liable with their employees. La. Civ. Code art. 2320. If Plaintiff sues Hubert, he could collect from both or either party.

---

[2] As stated above, the record is not sufficiently developed to conclude that GE's efforts were sufficient. The Court is unaware, for example, of how many GE certified repairmen are named "Hubert" that service the geographic area in question.

As for whether Plaintiff can recover against Hubert, a plaintiff can hold an employee personally liable if "[1.] the employer . . . owe[s] a duty of care to the plaintiff, the breach of which caused the injury at issue[, 2.] the employer . . . delegated that duty to the employee[, 3.] the employee . . . breached the duty through his own personal fault[,and  4.] the employee's breach [was] more than a . . . breach of a 'general administrative responsibility[.]'" *Rolls,* 34 F.4th at 437–38. Plaintiff satisfies the first and second of these requirements by alleging Hubert "breach[ed] his duty of care in installing the instrument properly[,] fail[ed] to see what he should have seen[, and] fail[ed] to verify the position of the water valve[.]" (R. Doc. 12-3). Plaintiff satisfies the third and fourth of the above by alleging that after Hubert serviced his refrigerator, he failed to turn off a water valve, causing damage to Plaintiff's home. (R. Doc. 12-3).

Defendants point out that GE is vicariously liable[3] and argue the above allegations are insufficient to state a personal cause of action against Hubert because "[a]t best, Plaintiff's allegations suggest that [Hubert's] fault was technical, and not the sort of personal fault . . . required . . . under *Canter*." (R. Doc. 13). Defendants are incorrect. Plaintiffs do not allege that Hubert violated some administrative responsibility. Rather, they claim he is liable as the actual tortfeasor. *Haynes v. Healthcare Servs. Grp., Inc.,* 13-649-JJB, 2014 WL 2769080 (M.D. La. May 30, 2014), *report and recommendation adopted,* 13-649-JJB, 2014 WL 2768814 (M.D. La. June 18, 2014) (case remanded to state court where cause of action existed against employee when he sprayed something on the floor that caused plaintiff's fall); *Angeron v. Big Lots Stores, Inc.,* No. CV 20-1001, 2020 WL 2060353 (E.D. La. Apr. 29, 2020) (where employee personally participated in building a structure that caused a plaintiff harm, plaintiff held a cause of action against the employee personally and remand was required); *George–McGee v. Wal–Mart Stores,*

---

[3] *Ford v. Elsbury,* 32 F.3d 931, 936 (5th Cir. 1994) (Citation omitted) ("If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable.").

*Inc.,* No. 90–2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation of employee "operating the steel dolly which allegedly struck the plaintiff from behind" was "sufficient to state a claim" and require remand to state court). Plaintiff alleges that Hubert's own actions were a direct cause of the damage to his home. (R. Doc. 12-3 at ¶ 5, 8). Thus, the third *Hengens* factors weighs in favor of Plaintiff as he would be significantly injured if he could not amend to maintain his claims against Hubert.

*(4) Any other factors bearing on the equities:* Plaintiff has made clear from the beginning that he intended to name Hubert properly. While Plaintiff somewhat delayed in seeking that information, it would be inequitable for Plaintiff to forfeit his ability to name a defendant alleged in the original petition in his jurisdiction of choice.

As a balance of the above factors weigh in favor of granting Plaintiff's Motion, this Court concludes that amendment should be allowed, and that this matter must be remanded.

### III.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File First Supplemental and Amending Petition for Damages (R. Doc. 12) be **GRANTED**, with the captioned matter to be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on November 7, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**